MINISTER OF FINANCE *vs.* V. KNUDSEN *et al.*

DELINQUENT TAXES.    BEFORE JUDD, C.J.

APRIL, 1882.

A proceeding for collection of delinquent taxes is *in rem*, and also *in personam*: where the owner of real estate is known and judgment is asked against him, it is *in personam*, and the owner must be served with process or a judgment against him will not be good.

In such a proceeding, an averment of demand for payment of taxes is fundamental.

DECISION OF JUDD, C.J.

This is a petition by the Minister of Finance, certifying a report of the Governor of Kauai, by which it appears that the taxes on the Ahupuaa of Koloa, Kauai, have not been paid, and asking for judgment against the delinquent property and V. Knudsen and Mrs. Anna McH. Knudsen. A special appearance is made by Mr. V. Knudsen, who shows the Court (1.) it does not appear that the petition contains an averment that the collector of taxes called on the said V. Knudsen or otherwise gave notice to him to demand payment of said tax; (2.) that the report of the collector does not show or aver that the Ahupuaa of Koloa was, or is, the property of Mrs. Knudsen, nor does it set forth or show the ownership or names of the owner of the land; and, (3.) that the petition contains no prayer for process, or summons against the said V. Knudsen or Anna McH. Knudsen.

The counsel for the Minister of Finance contends that this is a proceeding *in rem*, and therefore it is not necessary to bring the alleged owner of the property within the jurisdiction of the Court by summons, and so none was prayed for.

In my opinion a proceeding of this character is *in rem* and also *in personam*. Especially where the owners of delinquent real estate are known, as in this case, and where judgment is prayed for, not only against the land, but against Mr. and Mrs.

Knudsen, is it a proceeding *in personam,* and, therefore, a prayer for process against them is essential. The words of the 507th section of the Civil Code, which say that "if no sufficient reason appear to the contrary, judgment shall be entered," etc., bear this view out, for this implies that an opportunity is to be given to show sufficient reason why judgment should not be entered.

Enough appears on the face of the petition to show that the owners of the delinquent property are known to the petitioner, and when the owners are known and judgment is prayed for against them, they must be served with process or a judgment against them would not be good.

It is replied to the first point—that no demand by the collector for payment of taxes is shown—that the averment that Mr. Knudsen's agent paid all the other taxes assessed against him and disputed that on the land of Koloa and appealed to the Board of Tax Appeals, which board confirmed the assessment, implies a prior demand for payment of taxes.

In proceedings of this nature the statute must be strictly complied with, and nothing can be taken by way of intendment. I consider an averment of demand for payment of taxes as fundamental.

As to the third point—the non-averment of ownership—the report of the collector shows that the Ahupuaa of Koloa was assessed to Mr. V. Knudsen, which is all the law requires.

It is urged by the petitioner's counsel that this appearance is premature, and that the appearer should wait until the land is sold and then test the validity of the proceedings by a suit of ejectment or trespass against the purchaser. He may do so; but as he has chosen the other course and suggests sufficient reasons why a judgment should not be entered as prayed for, I feel constrained to rule that a judgment cannot be entered on the petition in its present shape.

*E. Preston,* for petitioner.

*A. S. Hartwell,* for the appearer.

Honolulu, April 14th, 1882.